*175 OPINION OF THE COURT
Timothy J. Lawless, J.
On July 16, 2008, the People filed informations (affirmed on July 16, 2008) and simplified informations (also affirmed on July 16, 2008) in the Town Court for the Town of Plattsburgh charging the defendant, Constantine Flamio, with attempted assault in the third degree, reckless endangerment of property, stalking in the third degree, resisting arrest, no bell or signal device on bicycle, no/inadequate lights on bicycle, no reflector wheel/bicycle, improper or unsafe turn signal and failure to keep right (hereinafter the first set of charges) for events allegedly occurring on or about July 15, 2008. On July 16, 2008, the Town Court arraigned the defendant on these charges. This court issued an order of removal dated July 17, 2008 (hereinafter the first removal order) removing the first set of charges from the Town Court.
On or about September 28, 2008, the People filed new informations (affirmed on September 28, 2008) in the Town Court of the Town of Plattsburgh, charging the defendant, Constantine Flamio, with attempted assault in the third degree, reckless endangerment of property, stalking in the third degree and resisting arrest (hereinafter the second set of charges) for the same alleged events described in the first set of charges. Prior to arraignment, this court issued an order of removal dated September 29, 2008 (hereinafter the second removal order), removing the second set of charges from the Town Court. On September 29, 2008, this court arraigned the defendant on the second set of charges in Supreme Court.
Defendant filed a notice of motion dated October 2, 2008 seeking the dismissal of all of the above charges. In support of his motion, the defendant filed the affirmation of defense counsel, Marcia J. Moss, Esq,, dated October 2, 2008, as well as attached documentation. To date, the People have not filed any responding papers.
The defendant’s first argument for dismissal concerns documentation the lower court completed regarding the first set of charges after the Supreme Court issued the first removal order. Defendant is arguing that Supreme Court lacks jurisdiction because a form used by the lower court indicated that the pending matters were being divested to Clinton County Family Court. Defendant maintains that this error resulted in the matter being divested to the Clinton County Family Court, a court without subject matter jurisdiction.
*176 In support of his argument that Supreme Court is without jurisdiction in this particular case, the defendant cites CPL 180.70 and article 170. CPL 180.70 provides for the disposition of a felony complaint after a hearing. The court finds no merit to this argument as the defendant is not charged with any felonies. The procedures set forth in CPL 180.70 (1) are simply irrelevant. Defendant further argues that the charges against him were divested from local criminal court to Family Court pursuant to CPL article 170 and pursuant to the provisions of CPL article 170 the Supreme Court lacks jurisdiction. The procedures set forth in article 170 are equally irrelevant. Any order issued by the lower court regarding the first set of charges after the Supreme Court issued the first removal order is a nullity. The fact that the lower court signed an order purportedly transferring the first set of charges to the Clinton County Family Court was without meaning because the lower court no longer had jurisdiction over the first set of charges at the time it signed the order. The sections of law which the lower court was purporting to act under regarding the first set of charges are irrelevant since the lower court lacked jurisdiction over the first set of charges after the first removal order.
The court finds that defendant fails to set forth any statutory provision which would deprive a “Supreme Court of its own ability to assert its trial jurisdiction over unindicted misdemeanor cases.” (People v Marrero, 8 Misc 3d 172, 173 [Sup Ct, Bronx County 2005].) The defendant’s reliance upon statutory provisions, relating a local criminal court’s obligations when divesting itself of misdemeanor charges or a local criminal court’s obligations regarding the disposition of felony complaints, is misplaced. While it is accurate that Family Court would not have jurisdiction over these criminal matters, the pending criminal matters are before Supreme Court, and are not (and have never been) before Family Court.
The defendant’s second argument for dismissal concerns the wording of the court’s first removal order. Defendant correctly notes that the first removal order states: “ORDERED that the Town Court of the Town of Plattsburgh is hereby immediately divested of further jurisdiction in this proceeding.” As noted above, after the first removal order, the People filed additional informations which they clearly intended to be superseding in-formations in the Town Court for the Town of Plattsburgh. The defendant argues that this provision of the first removal order prohibited the People from filing superseding informations in *177 the Town Court for the Town of Plattsburgh. This argument turns upon the meaning of the phrase “in this proceeding” contained in the court’s first removal order.
The court finds that the term “in this proceeding,” as used in the first removal order relates only to those accusatory instruments specified and removed by said order. Therefore, the People were not prohibited from filing new or additional charges as they deemed appropriate in the Town Court. For purposes of interpreting this court’s first removal order, the superseding charges are to be considered a new proceeding. Accordingly, the local criminal court in which they were filed did have jurisdiction over the second set of charges prior to the second removal order. Upon defendant’s arraignment on the second set of charges, any charges of the first set which were superseded by charges in the second set must be dismissed as a matter of law* (see CPL 100.50 [1]).
The defendant’s third argument for dismissal concerns the timing of the defendant’s arraignment on the second set of charges. As indicated above, the defendant was arraigned on the superseding charges in Supreme Court, not in the lower court. Defendant sets forth no valid argument that charges, properly before a lower criminal court, cannot be removed to Supreme Court pre-arraignment.
The court finds no basis to dismiss the criminal charges pending against the defendant.
It is therefore ordered that the defendant’s motion to dismiss is hereby denied.

 Thus, as of the time of this decision and order the following charges Eire pending against the defendant: Attempted assault in the third degree as charged by an information affirmed on September 28, 2008; stalking in the third degree as charged by an information affirmed on September 28, 2008; resisting arrest as cheirged in an information affirmed on September 28, 2008; reckless endangerment of property as charged in an information affirmed on September 28, 2008; no bell or signal device on bicycle as charged in simplified information affirmed on July 16, 2008; no/inadequate lights on bicycle as charged in simplified information affirmed on July 16, 2008; no reflector wheel/bicycle as charged in simplified information affirmed on July 16, 2008; improper or unsafe turn signal as charged in simplified information affirmed on July 16, 2008; and failure to keep right as charged in simplified information affirmed on July 16, 2008.